UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

GREGORY PAPADOPOULOS,

               Plaintiff,                               **SUMMARY ORDER**
                                                                   13-CV-810 (DLI)(RLM)

       -against-

PRESIDENT BARACK OBAMA (Personally
and Officially); FBI DIRECTOR ROBERT
MUELLER (Personally and Officially),

               Defendants.
----------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On February 13, 2013, plaintiff Gregory Papadopoulos ("Plaintiff") filed this *pro se* action and paid the filing fee. For the reasons discussed below, the complaint is dismissed as frivolous.

Plaintiff seeks "a tax free award in excess of $440 million, which is what my net worth would have been, had the Government not interfered in my life." (Compl. at 1, Docket Entry No. 1.) Plaintiff states that "[i]n 1997 while living in Palm Beach I became a target for destruction by the FBI and the Palm Beach Mafia (Fanjul brothers) as the FBI/PBM was routinely destroying the lives of innocent residents for profit." (*Id.* at 2.) Plaintiff alleges that, in 2009, the FBI/PBM "retained the services of a prostitute from the Fanjul NYC prostitution ring, a Julia Mineeva to entrap me in criminal allegations. She played the role of girlfriend and eventually she complained to NYPD alleging Aggravated Harassment in the 2nd degree, a non violent misdemeanor." (*Id.* Ex. 1 at 1.) In early 2011, Plaintiff contends that "during X-Rays of the hip joints I discovered that during a hernia procedure in 2006 done at Mt. Sinai I was implanted with a location monitoring chip. It is a rectangular metallic object the size of a

postage stamp. That chip is still implanted as definitive evidence of the presence of law enforcement in my life." (*Id.* Ex. 1 at 2.) Plaintiff further states that:

> [s]tarting June 14, 2011 in retaliation of my lobbying activities on sugar subsidies and to prevent submission of the petition to the US Supreme Court the FBI/PBM reacted viciously and maliciously by using the FBI's coercive power and the deep pockets of the Fanjuls to imprison me and detain me in a mental institution for a total of six months hoping to put an end to my activities in violation of my constitutional right to petition the Government.

(*Id.* at 4.)

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)). However, a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).

Here, Plaintiff's claims are not plausible and can be dismissed as factually frivolous. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362 (2d Cir. 2000) (holding that district court may *sua sponte* dismiss frivolous complaint even if plaintiff has paid filing fee). The allegations in Plaintiff's complaint—even under the very liberal reading we accord *pro se* pleadings (and even if Plaintiff believes them to be true)—can only be described as "fanciful," "fantastic," and

"delusional." *See Denton*, 504 U.S. at 33. Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, this frivolous action is dismissed. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Because the complaint is dismissed as frivolous, Plaintiff's pending motion for a temporary restraining order (Docket Entry No. 6) is denied as moot.

Finally, the Court notes that Plaintiff is barred from filing future actions in the United States District Court for the Southern District of New York without prior permission. *See Papadopoulos v. Mineeva*, 10 Civ. 4882 (S.D.N.Y. Feb. 8, 2011). Similarly, this Court cautions Plaintiff that the further filing of non-meritorious complaints in the Eastern District of New York may result in the issuance of an order barring the acceptance of any future complaints for filing without first obtaining leave of court to do so.

## CONCLUSION

For the reasons stated above, this action is dismissed as frivolous. Because the complaint is dismissed as frivolous, Plaintiff's pending motion for a temporary restraining order (Docket Entry No. 6) is denied as moot. Moreover, Plaintiff is cautioned that the further filing of non-meritorious complaints in the Eastern District of New York may result in the issuance of an order barring the acceptance of any future complaints for filing without first obtaining leave of court to do so. Although plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 16, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge